UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DENISE NEKILE BAKER on behalf of herself
and all other similarly situated consumers

                    Plaintiff,          Case No.    17-1731

      -against-

TRS RECOVERY SERVICES INC

                    Defendant.
_____

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Denise Nekile Baker bring this action against TRS Recovery Services Inc for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### PARTIES

2. Plaintiff is a citizens of the State of New York who reside within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Sugar Land, TX.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## ALLEGATIONS PARTICULAR TO DENISE BAKER

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. In its efforts to collect the debt, Defendant contacted Plaintiff Baker by a letter dated September 14th, 2016. Exhibit 1.

11. The said September 14th, 2016 letter stated a "Total Due" of $4.84.

12. In its efforts to collect the debt, Defendant contacted Plaintiff Baker by a letter dated September 14th, 2016. Exhibit 2.

13. The said September 14th, 2016 letter stated a "Total Due" of $6.98.

14. Upon affirmation and belief, the said letters to Plaintiff Baker were the initial communication received from the Defendant.

15. In its efforts to collect the debt, Defendant contacted Plaintiff Baker by a letter dated September 18th, 2016. Exhibit 3.

16. The said September 18th, 2016 letter stated a "Total Due" of $5.72.

17. In its efforts to collect the debt, Defendant contacted Plaintiff Baker by a letter dated September 20th, 2016. Exhibit 4.

18. The said September 20th, 2016 letter stated a "Total Due" of $8.49.

19. All of the above mentioned letters were sent in an effort to collect on a defaulted consumer debt.

20. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

23. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

24. 15 U.S.C. § 1692g requires debt collectors to inform debtors of their account balance and to disclose whether the balance may increase due to interest and fees. Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

25. Defendant's collection letter violated 15 U.S.C. § 1692g by failing to include the safe harbor language set out in Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

26. An unsophisticated consumer would be left uncertain by the said letter as to whether the said accounts were accruing interest or not.

27. Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also *Rhodes v. Davis*, 628 Fed. Appx. 787, 794 (2d Cir. 2015). (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. §5001(a))).

28. Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

29. "In New York, a breach of contract cause of action accrues at the time of the breach." Ely-*Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

30. "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiff are entitled to prejudgment interest on the installments that were not timely paid." *Kasperek v. City Wire Works, Inc.*, No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

31. 15 U.S.C. § 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2) The false representation of –

    the character, amount, or legal status of any debt; or

    (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. The "Total Due" in this case was for an amount that included original principal and contractual interest. Collection notices that state only the "Total Due" but do not disclose that the balance might increase due to interest "misleading" within the meaning of Section 1692e.

33. Although the letter did indicate that interest and non-interest charges have not accrued since the charge-off, the letter failed to indicate whether any interest will accrue in the future.

34. The Plaintiff was left unsure whether the "Total Due" would accrue any type of interest as there was no disclosure that indicated otherwise.

35. To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

36. Defendant was required to include a disclosure that automatically accrued interest was accruing, or in the alternative, the creditor has made an intentional decision to waive the automatically accruing interest, yet it did not make any of those disclosures in violation of 1692e.

37. Failure to disclose such a waiver of the automatically accrued interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.

38. Defendant knew that the balance would increase due to interest.

39. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." *Avila v. Riexinger & Assocs., LLC,* Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

40. The Plaintiff and the unsophisticated consumer would be led to believe that the "Total Due" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

41. Absent a disclosure by the holder of the debt that the automatic interest is waived, the Defendant and or the creditor **could** still seek the automatic interest . . . , or sell the consumer's debt to a third party, which itself could seek the interest and from the consumer. Avila, at *10-11.

42. A debt-collector must disclose that interest is accruing, or in the alternative, it disclose any such waiver.

43. Waiver of interest even when made explicitly, has not prevented debt-collectors from continuing to illegally charge the waived interest, at the bare minimum a debt collector must make clear to the least sophisticated consumer that it intends to waive the interest.

44. A consumer who pays the "Total Due" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest accumulated after the letters were sent but before the balance was paid.

45. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) for misrepresenting the amount of the debt owed by the Plaintiff.

46. Defendant's letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

47. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

48. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

49. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

50. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name

and address of the original creditor, if different from the current creditor.

51. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

52. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

53. Demanding payment during the validation period, without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt, is a violation of the FDCPA.

54. Demanding payment during the validation period without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

55. Defendant's September 14th, 18th, and 20th of 2016, received during the validation period, demand that Plaintiff make payment "promptly."

56. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

57. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

58. Defendant's demand for payment would likely make the least sophisticated consumer uncertain as to her rights.

59. Defendant's demand for payment would likely make the least sophisticated consumer confused as to her rights.

60. Defendant has violated § 1692g as Defendant overshadowed the information required to

be provided by that Section.

61. Defendant's conduct caused Plaintiff confusion, uncertainty, distress and worry.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

62. The said letter is a standardized form letter.

63. Upon information and belief, the Defendant's collection letters, such as the letters received by Plaintiff Baker, number in at least the hundreds.

64. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

65. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

66. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

67. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

68. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

69. Defendant's communications were designed to cause the debtors to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

70. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of the right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

71. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

72. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

73. The identities of all class members are readily ascertainable from the records of TRS Recovery Services Inc and those business and governmental entities on whose behalf it attempts to collect debts.

74. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of TRS Recovery Services Inc and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

75. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

76. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

77. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor

her attorney have any interests, which might cause them not to vigorously pursue this action.

78. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff informs and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that is adverse to the absent class members. The Plaintiff are committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

79. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

80. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

81. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

82. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt

83. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through eighty (80) herein with the same force and effect is if the same were set forth at length herein.

84. This cause of action is brought on behalf of Plaintiff and the members of a class. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about September 14th, 18th and 20th of 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692g of the FDCPA as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

85. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through eighty two (82) herein with the same force and effect is if the same were set forth at length herein.

86. This cause of action is brought on behalf of Plaintiff and the members of a class.

87. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about September 14th, 18th and 20th of 2016; and

(a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) of the FDCPA by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Overshadowing Requirements of Section 1692g

88. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through eighty five (85) herein with the same force and effect is if the same were set forth at length herein.

89. This cause of action is brought on behalf of Plaintiff and the members of a class.

90. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about September 14th, 18th and 20th of 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. § 1692g as Defendant overshadowed the information required to be provided by that Section.

### PRAYER FOR RELIEF

91. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

92. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

-13-

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

    (a)    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       March 8th, 2017

                         /s/ Igor Litvak
                        Igor Litvak, Esq.
                        Attorneys for the Plaintiff
                        The Litvak Law Firm, PLLC
                        1701 Avenue P
                        Brooklyn, New York 11229
                        Office: (718) 989-2908
                        Facsimile: (718) 989-2908
                        E-mail: Igor@LitvakLawNY.com

Plaintiff requests trial by jury on all issues so triable.

                         /s/ Igor Litvak
                        Igor Litvak, Esq.